# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DEBORAH M. FOX,<br><br>         Plaintiff,<br><br>v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al.,<br><br>         Defendants. | 2:12-CV-1153 JCM (PAL) |

**ORDER**

Presently before the court is plaintiff Deborah M. Fox's motion for reconsideration. (Doc. #6). No defendant has filed a response.

Plaintiff's motion alleges her home was foreclosed upon on March 21, 2012. Plaintiff contends that none of the defendants "own the mortgage against Plaintiff's home." As best this court can discern, plaintiff is seeking an order voiding the mortgage sale that occurred over four months ago.

The court denied plaintiff's motions for injunctive relief on July 11, 2012, finding that plaintiff had failed to allege any facts indicating an immediate and irreparable injury. Specifically, plaintiff failed to address any of the factors identified by the Supreme Court in *Winter v. N.R.D.C.*, 129 S. Ct. 365, 374–76 (2008), as necessary to the granting of injunctive relief. Further, it appeared that plaintiff sought to void a foreclosure sale that occurred in March, 2012.

**James C. Mahan**
**U.S. District Judge**

1  "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see* Fed. R. Civ. P. 59(e); *see also* Fed. R. Civ. P. 60(b). Plaintiff requests that this court reconsider the dismissal because she will be left homeless otherwise. While the court sympathizes with plaintiff's plight, she has failed to raise any meritorious grounds for this court to reconsider its dismissal order and grant the relief she requests.

This court does not find that it is likely for plaintiff to succeed in her wrongful foreclosure cause of action because of her four-month delay in instituting the suit. Nevada law provides a 90-day period after a foreclosure sale in which a plaintiff may challenge the validity of the sale. NRS 107.080(5)(b). If the plaintiff lacked notice of the sale, then he or she may institute an action to set the sale aside within 120-days of receiving actual notice. NRS § 107.080(6). Plaintiff's complaint does not allege that she lacked any notice; rather it appears she knew of the sale on the day it occurred. Accordingly, her four-month delay brings her past the statutory time to challenge and indicates the action is likely time-barred. Even if this was not the case, plaintiff's motions utterly fail to establish that she is entitled to the extraordinary remedies she seeks.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for reconsideration (doc. #6) be, and the same hereby is, DENIED.

DATED July 25, 2012.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -